CHANCELLOR UNION LAND COMPANY, A CORPORATION, APPELLANT, v. SOL JAFFE AND ESTHER JAFFE, RESPONDENTS.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellant, *Stein, McGlynn & Hannoch.*

For the respondents, *Wilfred H. Jayne, Jr.*

The opinion of the court was delivered by

LLOYD, J.  Appellant brought an action to recover a deposit made on an agreement for the purchase of certain real estate together with search fees expended in examining the title. There was a nonsuit in the trial court, and this ruling and the overruling by the court of certain questions propounded to plaintiff's witnesses constitute the grounds of appeal.

The complaint alleged the making of the agreement and that under its terms the respondents "agreed, covenanted and guaranteed" the land to be without restrictions, and that the agreement was violated in that there were restrictions in the title prohibiting the sale of spirituous or intoxicating liquors on the premises, and against violation of any of the provisions contained in the act of incorporation, by-laws, rules or regulations of the Ocean Beach Association as contained in a deed dated January 22d, 1875.

The agreement calls for a title free and clear of encumbrances, except as thereinafter stated, and, after describing the property, adds "subject to covenants, conditions and restrictions contained in former deeds for the same premises." Later in the agreement this: "And the party of the first part hereby states there are no restrictions on the herein-mentioned premises."

The learned trial judge in the court below, deeming the case controlled by the case in this court of *Vickers* v. *Electrozone Commercial Co.,* 67 *N. J. L.* 665, held that even assuming a repugnancy to exist in the different clauses of the agreement, the earlier must be accepted and the latter rejected, and his ruling finds support in the cited case.  There is another rule of law, however, of pertinent application, and it is that all the parts of an agreement must be reconciled if possible.  Under this test we feel constrained to the view

that the parties, presumed to have intended a rational purpose throughout the agreement, did not intend the statement made by the vendor in the last quoted clause as referring to restrictions which had already been specifically excepted, but to restrictions that might otherwise develop affecting the property. When it is observed that all of the provisions recited are in typewriting, and, therefore, clearly intended to be given meaning and purpose, it is most unlikely that the parties would first agree that the conveyance be made free and clear of all restrictions except those appearing in former deeds, and then deliberately nullify the exception by agreeing that there should be no such restrictions. We, therefore, conclude that the nonsuit was properly ordered.

The questions which it is claimed were improperly overruled were all directed either to a modification of the written agreement by parol in violation of the rule of evidence to the contrary, or to what a witness found, or caused to be found, by a search of the title.

These rulings were obviously correct. The parties had evidenced their contract by formal writing, and it was not the right of the appellant to incorporate other terms or conditions. The questions asked regarding the title did not even have the merit of developing what the witness discovered by his own search (in itself objectionable because not the best evidence), but sought to develop an opinion founded upon what some other, and unknown, person may have found.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.